IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:20-CR-00249(1)-RP |
| | § | |
| PAUL KRUSE | § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT TO THE EXTENT IT RELIES ON NONDISCLOSURES OR, IN THE ALTERNATIVE, TO STRIKE NONDISCLOSURE ALLEGATIONS**

TO THE HONORABLE ROBERT PITMAN,
UNITED STATES DISTRICT JUDGE:

The government[1] concedes that a wire fraud charge based on omissions--a nondisclosure theory--must allege a duty to disclose. It concedes--at least tacitly--that Kruse owed no such duty to Blue Bell's customers. But it maintains that it can pursue a nondisclosure theory here, even in the absence of a duty to disclose, because it has combined that theory with an affirmative misrepresentation theory.

The government is wrong. A nondisclosure theory cannot stand without a duty to disclose, even when combined with an affirmative misrepresentation theory. In the recent case *United States v. Sullivan*, 2022 U.S. Dist. LEXIS 114187 (N.D. Cal. June 28, 2022), for example, the wire fraud counts--like the wire fraud charges here--alleged both an affirmative misrepresentation theory and an omission theory. The court found the

---

[1] United States of America's Response in Opposition to Defendant's Motion to Dismiss the Indictment to the Extent That it Relies on Nondisclosure or, in the Alternative, to Strike Nondisclosure Allegations (Doc. 76) ["G. Opp."]. Kruse's initial motion (Doc. 68) is cited as "D. Mot."

affirmative misrepresentation theory sufficient, but it held the omission theory failed because the indictment did not allege a duty to disclose. *See id.* at \*21-\*24. Although the court permitted the wire fraud charges to go to trial on the affirmative misrepresentation theory, *see id.* at \*24-\*25, it held that "the wire fraud charges cannot proceed on an omission theory," *id.* at \*2; *see also United States v. Lonich*, 2016 U.S. Dist. LEXIS 9813, at \*6-\*7, \*21-\*25 (N.D. Cal. Jan. 27, 2016) (dismissing indictment to extent it relied on nondisclosure theory for failure to allege duty to disclose; alleged scheme also included material misrepresentations and misleading half-truths, and charges allowed to proceed on that basis only). Kruse seeks exactly the relief the *Sullivan* and *Lonich* courts afforded; the government is free to pursue its affirmative misrepresentation theory at trial, but its duty-free nondisclosure theory must be dismissed.

The cases the government cites do not support--and actually undermine--its novel "no-duty" argument. In *United States v. Harris*, 821 F.3d 589 (5th Cir. 2016) (cited at G. Opp. 3, 5-6), for example, the defendant was convicted of wire fraud. On appeal, he challenged the sufficiency of the evidence. The court of appeals found sufficient evidence of affirmative (albeit implied) representations. *See id.* at 598-99. The defendant argued, however, that "the government's case amounted to a prosecution for silence in the absence of a duty to speak, which cannot constitute a scheme to defraud." *Id.* at 600.

If the government's position here were correct, and no duty to disclose is necessary when omissions are combined with misrepresentations, the court of appeals would simply have held that no duty to speak was required. But far from adopting the government's "no-duty" rule, the Fifth Circuit declared that "[n]ondisclosure can constitute proof of a scheme

to defraud *only where the defendant is under a duty to disclose*." *Id*. (emphasis added). The court found the government had not proven any such duty. It held the evidence sufficient only because the government had presented sufficient evidence on its affirmative misrepresentation theory. *See id*. *Harris* cuts squarely against the government's position here.

The government's other Fifth Circuit case--*United States v. Gaspard*, 744 F.2d 438 (5th Cir. 1984) (cited at G. Opp. 5)--adds nothing to its argument. To the extent *Gaspard* is relevant here, it merely holds that "the mail fraud statute extends to situations in which an employee intentionally fails to disclose information material to his employer that he has a duty to disclose." *Id*. at 440. Nothing in *Gaspard* suggests that the "duty to disclose" requirement vanishes as soon as the government adds an affirmative misrepresentation theory.

Finally, the government cites *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000), a bank fraud case. G. Opp. 6. *Colton* distinguishes between fraud based on material omissions and fraud based on active concealment of the truth--typically through a misleading half-truth. According to the Fourth Circuit, the former theory requires proof of a duty to disclose; the latter does not. *See Colton*, 231 F.3d at 899 ("Although silence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud, suppression of the truth with the intent to deceive (concealment) does."). Nothing in *Colton* suggests (as the government argues) that a nondisclosure theory does not require a duty to disclose when it is coupled with an affirmative misrepresentation theory.

*Colton* supports the relief Kruse seeks--the same relief granted in the *Sullivan* and *Lonich* cases. The Court should permit the wire fraud charges to proceed on the affirmative misrepresentation theory, including the theory that the alleged scheme to defraud involved misleading half-truths, but it should bar the government from pursuing a nondisclosure theory. Because that theory is invalid as a matter of law, the allegations in the indictment advancing it (D. Mot. 2 n.2) should be stricken if the indictment is to be read to the jury or sent to the jury room for deliberations.

## CONCLUSION

For the foregoing reasons, and for the reasons in Kruse's initial motion, the Court should dismiss the indictment to the extent it rests on Kruse's alleged nondisclosure of information to Blue Bell's customers. In the alternative, the Court should strike the nondisclosure allegations.

Respectfully Submitted,


*/s/ Chris Flood*

Chris Flood
Email: chris@floodandflood.com
Texas Bar No. 07155700
FLOOD & FLOOD
914 Preston at Main, Suite 800
Houston, TX 77002
713-223-8877
713-223-8879 fax


*/s/ John D. Cline*

John D. Cline
Email: cline@johndclinelaw.com
600 Stewart Street, Suite 400
Seattle, WA 98101
(360) 320-6435

**ATTORNEYS FOR PAUL KRUSE**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Chris Flood*
Chris Flood