IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA    }
    }
    }
**v.**    }
    }    **No. 1:20-CR-00249-RP**
PAUL KRUSE,    }
    }
    *Defendant.*    }

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States Department of Justice, Consumer Protection Branch, and the defendant, Paul Kruse (hereinafter the defendant or "Kruse"), personally and by the defendant's attorney, Chris Flood, have agreed upon the following:

### SCOPE

1.    This document contains the complete and only plea agreement (hereafter, "Agreement") between the United States Department of Justice, Consumer Protection Branch, and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between United States Department of Justice, Consumer Protection Branch, and the defendant exists, except as set forth

in this Agreement.

2.     This Agreement concerns criminal liability only.  Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim.  The obligations of this Agreement are limited to the United States Department of Justice, Consumer Protection Branch, and cannot bind any other party including any federal, state, or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## THE PLEA

3.     Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant will enter a plea of guilty to a one-count Information, in which the defendant is charged with Introduction of Adulterated Food into Interstate Commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court does not accept the sentence set forth below, the defendant understands that he has the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4.     The defendant has personally read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the

2

defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which he is pleading guilty.

5.     The charge of Introduction of Adulterated Food into Interstate Commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1), has the following elements, each of which the United States must prove beyond a reasonable doubt:

First.     That the substance was an adulterated food; and

Second.     That a person caused the introduction of, or delivered for introduction, into interstate commerce adulterated food.

## WAIVER OF RIGHTS TO APPEAL AND COLLATERAL ATTACK

6.     The defendant is aware that Title 18 and Title 28 of the United States Code afford him rights to challenge his conviction and sentence through an appeal and through a collateral attack. The defendant and his attorney have discussed the defendant's appeal and collateral attack rights, and the defendant understands those rights.

7.     Except as otherwise specified in this plea agreement, in exchange for the United States' recommendations and/or concessions in this agreement, the defendant waives all rights to appeal and/or collaterally attack his conviction and sentence. The term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture

order, and/or restitution order and includes the manner and/or method the district court uses to determine, impose, announce, and/or record the sentence.

8.      The defendant's waiver of appeal and collateral attack rights includes, but is not limited to, the waiver of the right to bring any claim that (A) the statute under which the defendant is convicted or sentenced is unconstitutional, and/or (B) the conduct to which the defendant has admitted does not fall within the scope of the statute(s) and/or (C) the conduct to which the defendant has admitted falls outside the statute of limitations for the crime charged.

9.      The defendant's waiver of appeal and collateral attack rights does not apply to a claim that the defendant received ineffective assistance of counsel.

10.      The defendant understands that, although he is permitted to raise an excepted claim on appeal and collateral attack, he does not have the right to bring a legally or factually frivolous claim.

11.      The defendant further understands that if he successfully challenges this Agreement on appeal or collateral attack, the Agreement will be canceled.  In such an event, both the defendant and the United States will be released from their obligations under this Agreement, and any benefits the defendant has received or anticipates receiving under this Agreement will be canceled.

12.      That the defendant is permitted to raise an excepted claim on appeal and collateral attack does not prevent the government from raising any applicable defense to such a claim.

## SENTENCE

13.     The defendant and the United States agree that pursuant to Fed. R. Crim. P. 11(c)(1)(C), the sentence shall consist solely of a fine of $100,000 (one hundred thousand dollars), and a mandatory assessment of $25 (twenty-five dollars).  The parties agree this is a fair and reasonable sentence considering all of the facts and circumstances of this case.  The defendant understands the Court must sentence him in accordance with this Agreement or reject the Agreement.  If, and only if, the Court rejects the Agreement, the defendant will be given an opportunity to withdraw his guilty plea.

## FOIA WAIVER

14.     The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. Sections 552, 552A.

## THE DEPARTMENT OF JUSTICE'S OBLIGATIONS

15.     The Department of Justice, Consumer Protection Branch, agrees that if the Court enters a judgement and conviction order against defendant, and upon payment of the fine contemplated in this Agreement, the United States will move for dismissal of the indictment pending against defendant in this Court and bring no additional criminal charges against the defendant relating to or arising from the offense charged in the Information, or the conduct investigated or included in

the indictment, except for any crime of violence and any crime unknown to the Department of Justice, Consumer Protection Branch prior to the time this Agreement is signed by the parties.

## STIPULATION OF FACTS

16.     The defendant will plead guilty because the defendant is in fact guilty of the charges contained in Counts One of the Information.  In pleading guilty to the charges, the defendant stipulates to and admits to the following factual basis, which is not intended to be a complete description of the offense or the defendant's involvement in it, but rather is sufficient for satisfying the requirements of Federal Rule of Criminal Procedure 11(b)(3):

Paul Kruse admits and agrees that between on or about January 1, 2015, and on or about March 13, 2015, in the Western District of Texas and elsewhere, he did cause the shipment of adulterated food, namely ice cream products, in interstate commerce, in violation of 21 U.S.C. §§ 331(a) and 333(a)(1).

Specifically, Blue Bell Creameries ("Blue Bell") is a manufacturer and distributor of ice cream products headquartered in Brenham, Texas.  At all times relevant to this Agreement, Blue Bell manufactured products at its Brenham headquarters facility as well as at Blue Bell-owned and -operated facilities in Broken Arrow, Oklahoma and Sylacauga, Alabama.  At all times relevant to this Agreement, Paul Kruse was the president and chief executive officer of Blue Bell

and worked at the company's Brenham, Texas headquarters. Blue Bell's sales, marketing, quality, and other departments all reported to Kruse.

In February 2015, Blue Bell shipped its ice cream products in interstate commerce from its three manufacturing facilities to customers in 23 states. At all times relevant to this Agreement, Blue Bell's customers included retailers, such as grocery stores and convenience stores where consumers could purchase ice cream and frozen treats, and institutional customers, such as schools, hospitals, and United States Department of Defense commissaries.

On February 13, 2015, Blue Bell and defendant specifically received notification from officials with the Texas Department of State Health Services ("DSHS") that state officials in South Carolina had conducted tests showing that two samples of Blue Bell ice cream products manufactured at the Brenham facility tested positive for *Listeria monocytogenes*. The bacteria *Listeria monocytogenes* is an environmental pathogen that can contaminate foods and cause a mild, non-invasive illness (called listerial gastroenteritis) or a severe, invasive illness (called listeriosis). The samples that tested positive were taken at random from an employee break room at a Blue Bell distribution center in Columbia, South Carolina as part of a South Carolina state food safety program. The two samples of Blue Bell products that tested positive for *Listeria monocytogenes* were each frozen treats manufactured on a single line at the

7

Brenham facility, called the Gram Line, and shipped in interstate commerce to South Carolina.

Texas DSHS officials collected samples of all ten frozen treat products manufactured on the Gram Line from Blue Bell's Brenham facility beginning on February 14, 2015, after notification by South Carolina that samples of Blue Bell products Chocolate Chip Country Cookie and Great Divide Bar tested positive for *Listeria monocytogenes*. Texas DSHS officials conducted this additional round of *Listeria* tests on products from the Brenham facility that had not yet left Blue Bell's factory. The Texas *Listeria* tests confirmed that samples of Chocolate Chip Country Cookie and Great Divide Bar, and an additional sample of a Blue Bell product called Scoops, tested positive for *Listeria monocytogenes*. The remaining seven products manufactured on the Gram Line did not test positive for *Listeria monocytogenes*. The results of the Texas DSHS testing on Gram line products were provided to Blue Bell and Kruse on February 25, 2015.

On or around March 9, 2015, Blue Bell was also notified by the Centers for Disease Control and Prevention ("CDC") and the Food and Drug Administration ("FDA") of the link between the *Listeria monocytogenes* identified in samples of Blue Bell products and clinical isolates from patients at a hospital in Kansas who had become sickened with listeriosis. Officials with the CDC and the FDA requested that Blue Bell provide a public recall announcement related to *Listeria monocytogenes* found in the Great Divide, Chocolate Chip Country Cookie, and

Scoops products, which the company did on March 13, 2015. This was the first official public statement Blue Bell issued related to the earlier voluntary withdrawal of all ten products manufactured on the Gram line.

The defendant agrees that he committed all the essential elements of the offense. This factual basis is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

## VIOLATION OF AGREEMENT BY DEFENDANT

17.    The defendant further agrees that if the defendant violates the terms of this Agreement, the United States has the option to declare the Agreement null and void. In the event the United States exercises its option to declare the Agreement null and void, the United States will be completely released from all of its obligations under this Agreement and the United States will be free to pursue the indictment against the defendant.

18.     The defendant also agrees to waive any and all double jeopardy rights and the applicable statute of limitations should the United States decide to reinstate any charges against the defendant after a violation of this Agreement. The defendant agrees, however, that under such a circumstance the defendant will not be allowed to withdraw any previously accepted guilty plea.

19.     Whether or not the defendant has violated the terms of the Agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the Agreement.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

20.     The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of the defendant's rights. Specifically, the defendant understands that by pleading guilty the defendant is waiving the following rights, among others:

a.     The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.     The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed

innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.     The right to the assistance of counsel at trial. The defendant has the right to be represented by an attorney at every stage of the proceedings, including trial. If the Court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant. By entering a guilty plea pursuant to this Agreement, the defendant will not be represented by counsel at a trial on these charges since there will be no trial.

d.     The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e.     The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the

defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

21.     The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

22.     I have read this Agreement and discussed it fully with my client, and I am satisfied that my client fully understands its contents and terms.  It accurately and completely sets forth the entire Agreement.  I concur in the guilty plea as set forth in this Agreement.  No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Agreement.

Date: <u>March 2, 2023</u>

Chris Flood
Attorney for Paul Kruse

13

**Defendant:**

23.    I have read this entire Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Rights to Appeal and Collateral Attack." I am entering into this Agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States.

I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written Agreement, nor am I under the influence of anything that could impede my ability to understand fully this Agreement. I am satisfied with the legal services provided by my attorney in connection with this case, this Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Agreement and I am accepting and entering into this Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement.

Date: March 2, 2023

_____
Paul Kruse
Defendant

**United States:**

24.   On behalf of the United States of America, I accept and agree to this

Agreement.


Date:___3-6-23_____                        By:   Matthew J. Lash
                                                     Anthony J. Nardozzi
                                                     Assistant Directors
                                                     Patrick H. Hearn
                                                     Senior Trial Attorney
                                                     Tara M. Shinnick
                                                     Kathryn A. Schmidt
                                                     Trial Attorneys
                                                     United States Department of Justice
                                                     Consumer Protection Branch